**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In Re: | : | On Appeal From: |
| | : | Bankruptcy Case No. 17-25962-KCF |
| KEITH SAUNDERS | : | |
|                   Debtor. | : | |
| | : | |
| KEITH SAUNDERS, | : | |
|                   Appellant, | : | Case No. 17-13691-BRM |
|         v. | : | |
| KAREN E. BENZER, ESQ., TRUSTEE | : | **OPINION** |
|                   Appellee. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Appellant Keith Saunders's ("Appellant") Motion to Reopen his Appeal (ECF[1] No. 4), which had been dismissed and closed by Order dated January 10, 2018, in accordance with Federal Bankruptcy Rule 8003 for Appellant's failure to comply with Bankruptcy Rule 8009. Appellee, Trustee Karen E. Bezner, Esq. ("Appellee"), opposes the Motion. (ECF No. 5.) Having reviewed the submissions filed in connections with the motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, the Motion to Reopen is **DENIED**.

---

[1] Unless otherwise indicated, *i.e.*, "Bankr. ECF," all ECF document numbers refer to the District Court docket.

**I. BACKGROUND**

Appellant filed a Chapter 7 Bankruptcy petition on August 7, 2017, and Appellee was appointed trustee of the estate. (Bankr. ECF No. 1, 3.) On December 22, 2017, Appellant filed a perplexing appeal (ECF No. 1): He described the order being appealed as a Denial of a Motion to Convert the Case from a Chapter 7 to a Chapter 13; he listed the date of the order being appealed as December 20, 2017 (although an independent review of the Bankruptcy Docket reveals a hearing took place on December 5, 2017, denying the motion to convert); and he attached, as the order being appealed, a December 15, 2017 Order enforcing a prior order, which is the subject a separate appeal before this Court.

On January 8, 2018, the Deputy Clerk of the Bankruptcy Court filed a Certification of Failure to File Designation of Record, certifying that Appellant had failed to file a designation of items to be included in the record on appeal as well as a statement of issues to be presented, as required by Bankruptcy Rule 8009. (ECF No. 2.)

On January 10, 2018, having not received a request for an extension of time from Appellant or any clarification of the order being appealed, the Court dismissed the appeal. (ECF No. 3.)

Nearly six weeks later, Appellant filed this Motion to Reopen, stating, "Our office failed to file the designation of record, as we were waiting to obtain the transcript and upload the transcript on to the bankruptcy docket. Upon receiving the transcript, the case was already dismissed." (Byck Cert. (ECF No. 4-1) ¶ 5.) Appellant attached the designation of record and statement of issue, which leads the Court to believe Appellant is appealing the Bankruptcy Court's denial of its Motion to Convert from a Chapter 7 to a Chapter 13. The transcript of that hearing was posted to the Bankruptcy Court docket on January 24, 2018 (Bankr. ECF No. 65), nearly four weeks before this Motion was filed.

## II. APPELLATE JURISDICTION

Pursuant to Title 28 of the United States Code, Section 158(a), "[t]he district courts of the United States shall have jurisdiction to hear appeals" from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). While neither party contests this Court's jurisdiction, the appeal was dismissed (ECF No. 3), and therefore, the sole issue before the Court is whether Appellant satisfied Bankruptcy Rule 8009 and whether the appeal should be reinstated.

## III. LEGAL STANDARD

An appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 14 days after the entry of the order being appealed. *See* Fed. R. Bankr. P. 8002(a)(1); Fed. R. Bankr. P. 8009(a)(1).

Within 14 days after the entry of the order being appealed, the appellant has a duty to order in writing from the reporter a transcript of the proceedings that the appellant considers necessary for appeal. Fed. R. Bankr. P. 8009(b)(1)(A). If a transcript of a hearing or trial is unavailable, "the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection" or "the parties may prepare, sign, and submit to the bankruptcy court a statement of the case showing how the issues presented by the appeal arose and were decided in the bankruptcy court." Fed. R. Bankr. P. 8009(c)-(d).

When the parties are required to complete an act within a certain period of time pursuant to the Bankruptcy Rules, the court may extend the deadline if the request is made before the expiration previously prescribed or on a motion made after the expiration of the prescribed period if the failure to complete the act was the result of excusable neglect. Fed. R. Bankr. P. 9006(b)(1).

**IV. DECISION**

Appellant's decision to wait for the Bankruptcy Court's transcript is not a valid reason for late filing of the designation. *See* Fed. R. Bankr. P. 8009(c)-(d); *In re Buccolo*, No. 07-1036-MLC, 2007 U.S. Dist. LEXIS 78868, *4-5 (D.N.J. Oct. 23, 2007). The plain language of the Bankruptcy Rules offers three other options if a court transcript is unavailable, and Appellant failed to utilize any of them: (1) the appellant may prepare a statement of the proceedings from her/his own memory; (2) the appellant may prepare a statement with the appellee about the issues presented by the appeal arose and were decided; and (3) the appellant may request an extension to file the designation of records at a later time. *See* Fed. R. Bankr. P. 8009(c)-(d). And while the Court may allow the case to proceed by balancing the extent of the party's personal responsibility, whether the party has a history of dilatoriness, and whether the party acted willfully or in bad faith, *see Buccolo*, 2007 U.S. Dist. LEXIS 78868, *4-5, Appellant has provided the Court with no reason to do so apart from stating that Mr. Byck was waiting for the transcript. Similarly, Appellant has provided no evidence that the failure to timely file the designation of records was due to excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1); *In re Balt. Grill*, No. 17-220-RMB, 2017 U.S. Dist. LEXIS 123193, *3-6 (D.N.J. Aug. 4, 2017); *In re Alexander*, Bankr. No. 01-62882-KCF, Civ. A. No. 05-2467-MLC, 2006 U.S. Dist. LEXIS 16564, *3, 27 (D.N.J. Mar. 22, 2006).

The Motion was filed nearly four weeks after the transcript was filed. The Court finds no reason to relax Rule 8009 after the filing deadline, and Appellant's Motion is **DENIED**.

## V. Conclusion

For the reasons set forth above, Appellant's the Motion to Reopen and reinstate his appeal (ECF No. 4) is **DENIED**. An appropriate Order will follow.

**Date:** September 28, 2018                    */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**